UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.
                                      Case no. 0:20-cv-61897-AHS

CR YACHTS INC.,

    Defendants.

_____/

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and for its Amended Complaint seeking this Court's Declaratory Judgment as to the coverage afforded under a policy of marine insurance, and further thereto would respectfully state as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, § 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured's residence, located at 2501 South Ocean Drive, Apartment 810, in Hollywood, Florida, and because the policy contains a valid and enforceable forum selection clause establishing jurisdiction where the Assured resides.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GREAT LAKES") is a corporation organized and existing under the laws of Germany, with its office and principal place of business located in Munich, Germany.

5. Upon information and belief, CR YACHTS INC. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Hollywood, Florida.

**FACTUAL ALLEGATIONS**

6. On or about March 18, 2020, Defendant submitted to the Plaintiff, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

7. A true and correct copy of the said application, completed and signed by Federico Zupicich on behalf of the Defendant and submitted to Plaintiff on or March 18, 2020 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

8. Plaintiff agreed to issue its Policy No. CSRYP/181497 based upon the representations set forth in, and the material information disclosed in, the application documents attached hereto at Ex. 1.

9. The application states that Federico Zupicich is the beneficial owner of CR YACHTS, INC. Ex. at, 1.

10. In response to the question, "Have you or any named operator been convicted of a criminal offence or pleaded no contest to a criminal action?", the response "No" is circled. *Id.*, at 3.

11. Mr. Zupicich is also listed as one of the Vessel's Operators. *Id.*

*12.* In the section delineating Mr. Zupicich as an Operator, in response to the question "Have you been convicted of a criminal offence or pleaded no contest? If YES, please give details," the application states "NO." *Id.*

13. On or about March 20, 2020, Plaintiff GREAT LAKES, in exchange for good and valuable consideration, issued to the Defendant named herein its Marine Insurance Policy No. CSRYP/181497, affording Hull & Machinery coverage in the amount of $568,000.00 for a period of one (1) year on the 2012 50' Prestige vessel named "CRYPTO" (hereinafter "the Vessel") which was owned by the said Defendant.

14. A true and correct copy of the Policy Schedule and the policy language for Plaintiff's Policy No. CSRYP/181497, and all endorsements thereto (hereinafter "the Policy"), is attached hereto as Exhibit 2.

15. On or around July 4, 2020, during the period of Plaintiff's Policy No. CSRYP/181497, the Vessel which was owned by the said Defendant was involved in an incident in which it has been alleged that certain damage was sustained by the vessel as a result of water intrusion.

16. Sumith Weerasekera, who was operating the Vessel at the time of the incident, requested assistance from TowBoat US and the United States Coast Guard (hereinafter "the USCG").

17. SeaTow arrived on scene, advised Mr. Weeresekera to shut down the engines, dewatered the Vessel and towed it to Haulover Park.

18. Upon receipt of the first notice of the July 4, 2020 loss described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

19. The said investigation established that the water intrusion on July 4, 2020 was not caused by anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

20. The said investigation established that the damage suffered by the Vessel's engines, mechanical components, and electrical parts was not caused by an accidental external event and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

21. The said investigation established that the damage sustained by the insured vessel was caused by wear and tear, gradual deterioration, lack of maintenance, etc.

22. Notwithstanding the facts established by the Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSRYP/181497 demanding payment for the damage suffered by the Vessel when the port engine fuel cooler failed, with subsequent failure and release of the fuel cooler inlet hose, which allowed water intrusion into the engine room.

23. Following the institution of the present litigation, Plaintiff has become aware of the fact that in January 2019, Mr. Zupicich was charged with the crime of money-laundering in his home country of Argentina.

24. Plaintiff has also become aware of the fact that in January 2019, the Argentinian authorities ordered Mr. Zupicich to a serve house arrest for the crime of money laundering.

## FIRST CAUSE OF ACTION
### (Lack of Fortuity)

25.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 24 as if set forth fully herein.

26.     The Policy states in pertinent part:

**3. Coverage A, Hull, Machinery, Equipment and Dinghy:**
If a sum insured is shown for Section A of the insuring agreement declaration page, we provide coverage for accidental physical loss of or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declaration page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

27.     The Policy states in pertinent part:

**11. Service Of Suit, Choice Of Law And Forum**
**It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

28.     The incident in which the Defendant's vessel sustained damage on July 4, 2020 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

29.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to compensate SeaTow and to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

30.     As a result of the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment

5

regarding the coverage afforded under the terms of Policy No. CSRYP/181497. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

31. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
**(Exclusion for Wear and Tear)**

32. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 24 as if set forth fully herein.

33. Plaintiff's policy states in pertinent part:

**Exclusions to Coverage A:**
Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
[….]
b. Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

34. Plaintiff's policy states in pertinent part:

**11. Service Of Suit, Choice Of Law And Forum**
**It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

35. The post-incident investigation carried out by the Plaintiff established that the incident in which the Vessel sustained damage on July 4, 2020 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the terms and provisions of Plaintiff's policy of marine insurance.

36. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to compensate SeaTow and to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

37. As a result of the lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181497. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

38. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### THIRD CAUSE OF ACTION
**(Exclusion for Damage to Engines, Mechanical and Electrical Parts)**

39. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 24 as if set forth fully herein.

40. Plaintiff's policy states in pertinent part:

**Exclusions to Coverage A:**
Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
[….]
r. Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as collision, impact with a fixed or floating object, grounding, stranding, ingestion of foreign objection, lightning strike or fire.

41. The Plaintiff's policy states in pertinent part:

**11. Service Of Suit, Choice Of Law And Forum**
**It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.**

42. The damage sustained by the Vessel's engines, mechanical and electrical parts suffered on July 4, 2020 was not caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

43. Notwithstanding the lack of any coverage under the Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to compensate SeaTow and to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

44. As a result of the breach of an express warranty and the aforesaid lack of coverage under the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181497. Until such time as the Plaintiff is able to have its rights and responsibilities under

the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

45. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

### FOURTH CAUSE OF ACTION
### (Material Misrepresentation in the Application)

46. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 24 as if set forth fully herein.

47. Plaintiff's policy states, in pertinent part:

**9. General Conditions & Warranties**

[…]

> m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

48. The post-incident investigation carried out by the Plaintiff established that, notwithstanding the representations in the application that Mr. Zupicich had no criminal record, the Argentinian authorities had charged him with the crime of money laundering in January 2019, and he was then ordered to serve house arrest.

49. The Defendant misrepresented/failed to disclose material facts with regard to Mr. Zupicich's history of criminal prosecution and his sentencing to house arrest for money laundering.

9

50. Had the Defendant disclosed the material facts referred to herein, the Plaintiff would not have agreed to issue Policy No. CSRYP/181497.

51. The Defendant breached the provisions of the Plaintiff's policy and the obligation of utmost good faith under federal admiralty law by misrepresenting or by failing to disclose facts and/or circumstances which were material to the Plaintiff's decision to accept the risk of insuring the Vessel alleged to have been owned by the Defendant.

52. Due to Defendant's misrepresentation of material facts at time it applied for the policy of marine insurance, Policy No. CSRYP/181497 is void from its inception.

53. Notwithstanding the Defendant's misrepresentation of material facts at the time it applied for the policy of marine insurance, Defendant CR YACHT INC. has made demand upon Plaintiff for payment of an amount equal to the full amount necessary to effect repairs to, or to replace, the Vessel insured under the said terms of the said policy of marine insurance.

54. As a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181497. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

55. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the aforesaid misrepresentation of material facts at the time the Defendant applied for the policy of marine insurance, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine

insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident of July 4, 2020 in which the Vessel is alleged to have sustained damage;

(B) Declaring that the Defendant's misrepresentation of material facts on the application for marine insurance voids Plaintiff's Policy No. CSRYP/181497 from its inception;

(C) Declaring that Plaintiff's Policy No. CSRYP/181497 does not afford coverage to the Defendant for the incident of July 4, 2020 in which the insured vessel is alleged to have sustained damage;

(D) Declaring that neither the incident of nor the damage resulting from the incident of July 4, 2020 constitute an accidental physical loss;

(E) Declaring that coverage for the incident of July 4, 2020 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's Policy No. CSRYP/181497;

(F) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated:       February 12, 2021
                Fort Lauderdale, Florida

                                        GOLDMAN & HELLMAN
                                        *Attorneys for Plaintiff*
                                        8751 W. Broward Boulevard
                                        Suite 404
                                        Fort Lauderdale, Florida 33324
                                        Tel (954) 356-0460
                                        Fax (954) 832-0878

                                        By:   /s/ Steven E. Goldman
                                                    STEVEN E. GOLDMAN, ESQ.
                                                    FLA. BAR NO. 345210

                                        By:   /s/ Jacqueline L. Goldman
                                                    JACQUELINE L. GOLDMAN, ESQ.
                                                    FLA. BAR NO. 1005573

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

Steven F. Grover
(Fla. Bar No. 131296)
Steven F. Grover P.A.
101 N. Riverside Dr.
Suite 203
Pompano Beach, FL 33062
Tel. (954) 290-8826
stevenfgrover@gmail.com
*Counsel for Defendant*

>
> GOLDMAN & HELLMAN
> *Attorneys for Plaintiff*
> 8751 W. Broward Boulevard
> Suite 404
> Fort Lauderdale, Florida 33324
> Tel (954) 356-0460
> Fax (954) 832-0878
>
> By: ___/s/ Steven E. Goldman_____
>   STEVEN E. GOLDMAN, ESQ.
>   FLA. BAR NO. 345210
>
> By: ___/s/ Jacqueline L. Goldman___
>   JACQUELINE L. GOLDMAN, ESQ.
>   FLA. BAR NO. 1005573